# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

DEVERICK SCOTT                                                                                      PLAINTIFF
ADC #131042

V.                                        NO: 2:12CV00090 BSM/HDY

RAY HOBBS *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Deverick Scott, an inmate who is currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on May 21, 2012, and is proceeding on claims relating to two disciplinary charges and the conditions of his punitive confinement which followed his disciplinary conviction. After a pre-jury evidentiary hearing was held on April 15, 2013, the parties were granted time to file motions for summary judgment (docket entry #74). Defendants Danny Burl, Claudia Harris, Ray Hobbs, Stephen Lang, Larry May, and Cowanda T. Smith, filed a motion for summary judgment, a brief in support, and a statement of facts, on April 22, 2013 (docket entries #75-#77). Plaintiff filed a response in opposition, a brief in support, and statements of facts, on May 8, 2013 (docket entries #82 & #85-#87). Plaintiff filed a motion for summary judgment, a brief in support, and a statement of facts on May 1, 2013 (docket entries #78-#80). Defendants filed a response to the motion and statement of facts on May 8, 2013 (docket entries #83 & #84).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

The parties agreed at the April 15, 2013, hearing that no material facts are in dispute. On June 18, 2011, at approximately 10:55 a.m., Plaintiff was housed in Cell Block 6 at the ADC's East Arkansas Regional Unit, when Harris observed papers covering the light and walls in Plaintiff's cell. Harris ordered Plaintiff to remove the papers. Plaintiff removed the papers from the light, but, according to Harris, did not remove the paper from his walls. Harris wrote Plaintiff a disciplinary charge. At approximately 11:13 a.m., also on June 18, 2011, Smith observed paper covering the window of Plaintiff's cell, and ordered Plaintiff to remove it. According to Smith, Plaintiff refused, and Smith wrote a disciplinary charge. After a hearing, hearing officer Lathan Ester found Plaintiff guilty of both charges contained in the Harris disciplinary, and sentenced him to a 60 day restriction

of commissary, phone, and visitation (docket entry #77-1). Ester found Plaintiff guilty of two of the three charges contained in the Smith disciplinary, and sentenced Plaintiff to serve 15 days in punitive isolation (docket entry #77-3). The second disciplinary conviction was eventually reversed, but not until after Plaintiff served the 15 days of punitive isolation. Plaintiff claims the punitive time was spent in solitary confinement without air conditioning, and that his mat was taken away each morning. On July 25, 2011, Burl responded to Plaintiff's grievance regarding the two disciplinary charges, concluded that Plaintiff was written two disciplinary charges for the same incident, and found merit in Plaintiff's grievance. Burl also determined that corrective action would be taken (docket entry #78-4).

Although the facts are not in dispute, the conclusions to be drawn from those facts are contested. Defendants assert that Plaintiff was not deprived of any constitutionally protected liberty interest which would give rise to due process protection. Plaintiff contends that being disciplined twice for the same offense violated his right to due process.

The facts indicate that Plaintiff was disciplined twice for what was in essence the same event. As a result, Plaintiff spent 15 days in punitive isolation when he otherwise should not have been so assigned. However, 15 days in punitive isolation does not amount to a constitutional violation because Plaintiff described no "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Additionally, the reversal

of the second disciplinary charge provided due process. *See Wycoff* at 1189 (reversal of the disciplinary case against the inmate constituted part of the due process the inmate received, and it cured the alleged due process violation based on the disciplinary committee's initial decision to sanction the inmate). Thus, there was no due process violation.

Plaintiff also contends that his ability to earn good time was negatively impacted because his good time classification was reduced. Plaintiff's good time classification was reduced as a result of the second disciplinary conviction. As discussed above, the second disciplinary was reversed. However, even if it was not, there was no due process violation. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Finally, although Plaintiff complains that the disciplinary cell was not air conditioned and that his mat was taken each morning, nothing about his 15 day stay in the punitive cell amounted to a constitutional violation. To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). Although Plaintiff's cell may have been at times uncomfortable, the constitution does not mandate comfortable prisons, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and Plaintiff has offered no evidence of any

condition which deprived him of the minimal civilized measure of life's necessities or constituted a substantial risk of serious harm. Accordingly, Defendants' motion for summary judgment should be granted to the extent that Plaintiff's complaint should be dismissed, and Plaintiff's motion should be denied.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #75) be GRANTED to the extent that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. Plaintiff's motion for summary judgment (docket entry #78) be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   16   day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the case is being resolved through summary judgment, it should not count as a strike, as Defendants have requested. *Stallings v. Kempker*, 109 Fed.Appx. 832-833 (8th Cir. 2004) (unpub. per curiam).